UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

| | |
|---|---|
| JOZEF DE JONGE and SONJA DE JONGE, | Civil Action |
| Plaintiffs, | 08 CV 5212 |
| v. | ECF CASE |
| AIMCO 240 WEST 73RD STREET, LLC, AIMCO 240 WEST 73RD STREET CO-OWNER, LLC, and WOOGO NY, L.P., | **COMPLAINT and JURY DEMAND** |
| Defendants. | |

------------------------------------------------------------x

Plaintiffs Jozef de Jonge and Sonja de Jonge, through their attorneys, Erlanger Law Firm PLLC, as and for a Complaint against defendants, allege as follows:

### JURISDICTION and VENUE

1. Plaintiffs are citizens of the European Union and residents of the Federal Republic of Germany ("FRG"). They reside at Clemensstrasse 32, 52525, Waldfeucht, FRG.

2. Defendant Aimco 240 West 73rd Street, LLC, is a foreign corporation incorporated in the State of Delaware. It is co-owner of the property located at 240 West 73 Street, New York, New York ("the premises").

3. Defendant Aimco 240 West 73rd Street Co-Owner, LLC, is a foreign corporation incorporated in the State of Delaware. It is co-owner of the premises.

4. Defendant Woogo NY, L.P. ("WooGo") is a domestic limited partnership of the State of New York, which operates a hotel network that leases New York City apartments for the short and long term. WooGo operates apartments at the premises under the name WooGo Central Park.

5. Jurisdiction arises under 28 U.S.C. 1332 (a)(2) on the grounds that the amount in

1

controversy exceeds the sum of $75,000, exclusive of interest and costs, plaintiffs are citizens of a foreign state and defendants are citizens of the United States, and there is complete diversity of citizenship between plaintiffs and defendants.

6. Venue arises in this district under 28 U.S.C. §1391(a)(2).

## FACTUAL BACKGROUND

7. On February 11, 2008, plaintiffs were lawfully on the premises, having leased Apartment 1104 in the premises ("the apartment") from WooGo through Expedia.de

8. The windows in the apartment are double-hung type windows.

9. It was too cold outside to open the window. So Jozef de Jonge placed his fingers on the top of the bottom window while he pressed his face against the top window to look out of it. Before he removed his fingers, the top window released into a free fall and the top of it landed on the fingers of both hands.

10. Jozef de Jonge was taken by ambulance to Roosevelt Hospital on February 11 where he received emergency treatment. He was discharged on February 12 with the diagnosis: closed fracture phalanx, hand, multiple sites.

11. Jozef de Jonge was prescribed medication for his injuries, including Cephalexin and Ibuprofen.

12. On February 16, Jozef de Jonge received further emergency medical treatment from Sentara Port Warwick Emergency Services in Newport News, VA for pain in his fingers.

13. Jozef de Jonge has undergone further treatment in Germany where a portion of one of the fingers of his right hand has been amputated and nails have been removed from his left hand.

## **FIRST CLAIM FOR RELIEF**
(Negligence)

14. Plaintiffs repeat and reallege each and every allegation of Paragraphs 1 through 13 as if more fully set forth herein.

15. The premises were under defendants' sole control.

16. Defendants owed a duty of reasonable care to plaintiff Jozef de Jonge to insure that the premises were in a reasonably safe condition, including freedom from dangerous hazards.

17. Jozef de Jonge's presence in the premises was reasonably foreseeable.

18. It was reasonably foreseeable to defendants that the improperly maintained window would present a hazard and a danger to Jozef de Jonge.

19. Upon information and belief, defendants knew from complaints from occupants of other apartments in the premises or from their own employees that windows in the premises identical to those in the apartment presented a hazardous and dangerous condition to anyone who leased the apartment, thereby breaching their duty to Jozef de Jonge to keep the premises reasonably safe.

20. Alternatively, if defendants did not know of the hazardous and dangerous condition, they had a duty to reasonably inspect the premises and would have determined that such conditions existed.

21. At all times, the persons who inspected and maintained the window in the apartment and premises were acting within the scope of their employment with defendants or were independent contractors who were retained on defendants' behalf.

22. As the result of defendants' conduct, plaintiff Jozef de Jonge suffered damages.

23. Plaintiff's injuries were substantially caused by defendants' breach of their duty to him.

## SECOND CLAIM FOR RELIEF
(Loss of Consortium)

24. Plaintiffs repeat and reallege each and every allegation of Paragraphs 1 through 23 as if more fully set forth herein.

25. As a consequence of defendants' conduct, Sonja de Jonge suffered the loss of Jozef de Jonge's care and services

WHEREFORE plaintiffs demand judgment against defendants as to the following: (1) compensation for physical and psychological injuries; (2) medical and other related expenses; and (3) reasonable attorneys' fees, costs, and such other and further relief as may be deemed just and proper.

ERLANGER LAW FIRM PLLC
Attorneys for Plaintiffs

By: _____
Robert K. Erlanger (RE 0886)

Dated: June 4, 2008

## JURY DEMAND

Plaintiffs hereby demand trial by jury.

By: _____
Robert K. Erlanger (RE 0886)

Dated: June 4, 2008

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
08 CV 5212

JOZEF DE JONGE and SONJA DE JONGE,

Plaintiffs,

v.

AIMCO 240 WEST 73RD STREET, LLC,
AIMCO 240 WEST 73RD STREET CO-OWNER, LLC,
and WOOGO NY, L.P.,

Defendants.

## COMPLAINT and JURY DEMAND

**ERLANGER LAW FIRM PLLC**
Attorneys for Plaintiffs
100 Fifth Avenue, 14th floor
New York, New York 10011-6903
Tel. (212) 686-8045