UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JOZEF DE JONGE AND SONJA DE JONGE,                    08 CV 5212

                              Plaintiff,        **ANSWER AND**
                                                **JURY DEMAND**
       -against-                                **WITH CROSS-CLAIM**
                                                Hon. Miriam Goldman
AIMCO 240 WEST 73RD STREET, LLC, AIMCO 240,     Cedarbaum, U.S.D.J.
WEST 73RD STREET CO-OWNER, LLC, AND WOOGO
NY, L.P.,

                              Defendants.
-------------------------------------------------------------------X

       Defendants, AIMCO 240 WEST 73RD STREET, LLC, AIMCO 240 and WEST 73RD STREET

CO-OWNER, LLC, by their attorneys, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP,

as and for their Answer to the plaintiffs' Complaint and Jury Demand, state, upon information and belief,

as follows:

## AS AND FOR AN ANSWER TO JURISDICTION and VENUE

       1.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations

contained in paragraph "1" of the plaintiffs' Complaint.

       2.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations

contained in paragraph "2" of the plaintiffs' Complaint.

       3.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations

contained in paragraph "3" of the plaintiffs' Complaint, and respectfully refer all questions of law to the

Court at the time of trial.

3325883.1

4.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "4" of the plaintiffs' Complaint.

5.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "5" of the plaintiffs' Complaint, and respectfully refer all questions of law to the Court at the time of trial.

6.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "6" of the plaintiffs' Complaint, and respectfully refer all questions of law to the Court at the time of trial.

## AS AND FOR AN ANSWER TO FACTUAL BACKGROUND

7.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "7" of the plaintiffs' Complaint.

8.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "8" of the plaintiffs' Complaint.

9.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "9" of the plaintiffs' Complaint.

10.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "10" of the plaintiffs' Complaint.

11.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "11" of the plaintiffs' Complaint.

12.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "12" of the plaintiffs' Complaint.

13.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "13" of the plaintiffs' Complaint.

## AS TO THE FIRST CLAIM OF ACTION
### (Negligence)

14.    In response to paragraph "14" of the plaintiffs' Complaint, the answering defendants repeat and reiterate each and every response to paragraphs "1" through "13" as if fully set forth at length herein.

15.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "15" of the plaintiffs' Complaint.

16.    Deny each and every allegation contained in paragraph "16" of the plaintiffs' complaint insofar as these allegations pertain to the answering defendant and respectfully refer all questions of law to the Court at the time of trial.

17.    Deny each and every allegation contained in paragraph "17" of the plaintiffs' complaint insofar as these allegations pertain to the answering defendant and respectfully refer all questions of law to the Court at the time of trial.

18.    Deny each and every allegation contained in paragraph "18" of the plaintiffs' complaint insofar as these allegations pertain to the answering defendant.

19.    Deny each and every allegation contained in paragraph "19" of the plaintiffs' complaint insofar as these allegations pertain to the answering defendant.

20.     Deny each and every allegation contained in paragraph "20" of the plaintiffs' complaint insofar as these allegations pertain to the answering defendant.

21.     Deny each and every allegation contained in paragraph "21" of the plaintiffs' complaint insofar as these allegations pertain to the answering defendant.

22.     Deny each and every allegation contained in paragraph "22" of the plaintiffs' complaint insofar as these allegations pertain to the answering defendant.

23.     Deny each and every allegation contained in paragraph "23" of the plaintiffs' complaint insofar as these allegations pertain to the answering defendant.

### AS TO THE SECOND CLAIM FOR RELIEF
#### (Loss of Consortium)

24.     In response to paragraph "24" of the plaintiffs' Complaint, the answering defendants repeat and reiterate each and every response to paragraphs "1" through "23" as if fully set forth at length herein.

25.     Deny each and every allegation contained in paragraph "25" of the plaintiffs' complaint insofar as these allegations pertain to the answering defendant.

### AS TO A FIRST SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

26.     The defendant, pursuant to §1412 of the CPLR, alleges upon information and belief that if the plaintiff sustained any injuries or damages at the time and place alleged in the Complaint, such injuries or damages were the result of the culpable conduct of the plaintiff because of the plaintiff's negligence or assumption of risk. Should it be found, however, that the defendant is are liable to the plaintiff herein, any liability being specifically denied, then the defendant demands that any damages that

3325883.1

are found be apportioned among the respective parties according to the degree of responsibility each is found to have in the occurrence, in proportion to the entire measure of responsibility for the occurrence.

### AS TO A SECOND SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

27.    Upon information and belief, plaintiff's economic loss, if any, as specified in §4545 of the CPLR, was or will be replaced or indemnified, in whole or in part, from collateral sources, and the defendant is entitled to have the Court consider the same in determining such special damages as provided in §4545 of the CPLR.

### AS TO A THIRD SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

28.    Any injuries or damages claimed were caused, in whole or in part, by the negligence or other culpable conduct of third parties over which the defendant had no control or right to exercise such control.

### AS TO A FOURTH SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

29.    The defendant's liability (if any) is limited and governed by the provisions set forth in Article 16 of the CPLR.

### AS TO A FIFTH SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

30.    Upon information and belief, that all risks and danger of loss or danger connected with the situation alleged in the Complaint were at the time and place mentioned obvious and apparent and were known by the plaintiff and voluntarily assumed by her.

3325883.1

## AS TO A SIXTH SEPARATE
## AND COMPLETE AFFIRMATIVE DEFENSE

31.     The Complaint herein or a part thereof fails to state a cause of action upon which relief may be granted.

## AS TO A SEVENTH SEPARATE
## AND COMPLETE AFFIRMATIVE DEFENSE

32.     The answering defendant does not own, operate, or maintain the portion of the premises where plaintiff was allegedly injured.

## DEMAND FOR A TRIAL BY JURY

33.     The defendant hereby demands a trial by jury on all issues in this action which are so triable, and request that the jury be composed of the maximum number of jurors allowed by law.

## AS AND FOR A CROSS CLAIM AGAINST
## CO-DEFENDANT WOOGO NY, L.P.

34.     That if the plaintiffs recover herein against the answering defendants, such recovery will have been caused and brought about by reason of the negligence or culpable conduct or breach of contract of the co-defendant, WOOGO NY, L.P. and the answering defendants will be entitled to judgment against said co-defendant in the amount of any recovery herein against the answering defendants, together with attorneys fees, or in the alternative, to a determination of the comparative degrees of negligence of all parties and to a judgment over in accordance with such determination.

**WHEREFORE,** the answering defendants demand judgment dismissing the plaintiffs' Complaint, or in the alternative, an apportionment of liability against defendant, together with the costs and disbursements of this action.

3325883.1

Dated: New York, New York
      August 28, 2008

                    Respectfully submitted,

          WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

              By:    _____

                        Erik C. DiMarco (1124 - ED)
                     Attorneys for Defendants
                     AIMCO 240 WEST 73RD STREET, LLC,
                     and AIMCO 240 WEST 73RD STREET
                     CO-OWNER, LLC
                     150 East 42nd Street
                     New York, New York 10017-5639
                     (212) 490-3000
                     File No.:  04494.00092

TO:    Robert K. Erlanger (RE 0886)
       ERLANGER LAW FIRM PLLC
       Attorneys for Plaintiffs
       100 Fifth Avenue, 14th Floor
       New York, NY  10011-6903
       (212) 686-8045

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JOZEF DE JONGE AND SONJA DE JONGE,                                   08 CV 5212

                              Plaintiffs,                            **RULE 7.1**
                                                                     **STATEMENT**
        -against-
                                                                     Hon. Miriam Goldman
AIMCO 240 WEST 73RD STREET, LLC, AIMCO 240,                          Cedarbaum, U.S.D.J.
WEST 73RD STREET CO-OWNER, LLC, AND WOOGO
NY, L.P.,

                              Defendants.
-------------------------------------------------------------------X

        ERIK C. DIMARCO, attorney for defendants, AIMCO 240 WEST 73RD STREET, LLC, and

AIMCO 240 WEST 73RD STREET CO-OWNER, LLC, hereby submits pursuant to Federal Rule of

Civil Practice 7.1 [formerly Local Rule 1.9], that upon information and belief, Apartment Investment

Management Company is a shareholder holding in excess of ten percent of the stock of both of the

aforementioned defendants.

Dated: New York, New York
        August 28, 2008

                              Respectfully submitted,

                    WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

                    By: _____
                              Erik C. DiMarco (1124 - ED)
                         Attorneys for Defendants
                         AIMCO 240 WEST 73RD STREET, LLC,
                         and AIMCO 240 WEST 73RD STREET
                         CO-OWNER, LLC
                         150 East 42nd Street
                         New York, New York 10017-5639
                         (212) 490-3000
                         File No.: 04494.00092

3325883.1

TO:    Robert K. Erlanger (RE 0886)
        ERLANGER LAW FIRM PLLC
        Attorneys for Plaintiffs
        100 Fifth Avenue, 14th Floor
        New York, NY  10011-6903
        (212) 686-8045

## WAIVER OF SERVICE OF SUMMONS

TO:    ERLANGER LAW FIRM PLLC
       100 Fifth Avenue, 14th floor
       New York, New York 10011-6903

Aimco West 73rd Street Co-Owner, LLC acknowledges receipt of your request that it waive service of a summons in the action of *De Jonge v. Aimco 240 West 73rd Street*, which is case number 08 CIV 5212 in the United States District Court for the Southern District of New York.

You have also received a copy of the complaint in the action, two copies of this instrument, and a means by which you can return the signed waiver to you without cost.

You agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that it be served with judicial process in the manner provided by Rule 4.

You will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

The City of New York understands that a judgment may be entered against it if an answer or motion under Rule 12 is not served upon us within 60 days after (date request was sent), or within 90 days after that date if the request was sent outside the United States.

8/28/08
Date

Signature

Printed/typed name: _____

                as _____

                of _____

Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant who, after being notified of an action and asked to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or even its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against the defendant. By waiving service, a defendant is allowed more time to answer than if the summons has been actually served when the request for waiver of service was received.

Effective A/o 12/1/93 in compliance with

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JOZEF DE JONGE AND SONJA DE JONGE,                           08 CV 5212

               Plaintiffs,                **NOTICE TO TAKE**
   -against-                                                 **DEPOSITION UPON**
                                                              **ORAL EXAMINATION**

AIMCO 240 WEST 73RD STREET, LLC, AIMCO 240,                  Hon. Miriam Goldman
WEST 73RD STREET CO-OWNER, LLC, AND WOOGO                    Cedarbaum, U.S.D.J.
NY, L.P.,

               Defendants.
-------------------------------------------------------------------X

S I R S :

    **PLEASE TAKE NOTICE** that pursuant to Rule 30 of the Federal Rules of Civil Procedure, the

testimony, upon oral examination, of adverse parties, as parties, will be taken before a Notary Public who

is not an attorney, or employee of an attorney, for any party or prospective party herein and is not a person

who would be disqualified to act as a juror because of interest or because of consanguinity or affinity to

any party herein, at the office of WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP,

located at 150 East 42nd Street, New York New York, on October 27, 2008 at 10:00 o'clock in the

forenoon of that day with respect to evidence material and necessary in the defense of this action.

    That said persons to be examined are required to produce at such examination any and all

documents relative to the claims in the Complaint.

Dated: New York, New York
      August 28, 2008

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: _____

Erik C. DiMarco (1124 - ED)
Attorneys for Defendants
AIMCO 240 WEST 73RD STREET, LLC,
and AIMCO 240 WEST 73RD STREET
CO-OWNER, LLC
150 East 42nd Street
New York, New York 10017-5639
(212) 490-3000
File No.:  04494.00092

TO:    Robert K. Erlanger (RE 0886)
       ERLANGER LAW FIRM PLLC
       Attorneys for Plaintiffs
       100 Fifth Avenue, 14th Floor
       New York, NY  10011-6903
       (212) 686-8045

3325883.1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
JOZEF DE JONGE AND SONJA DE JONGE,       :       08 CV 5212

                          Plaintiff,       :       **FIRST SET OF**
                                                   **INTERROGATORIES TO**
                  - against -              :       **PLAINTIFF**

AIMCO 240 WEST 73RD STREET, LLC, AIMCO :    Hon. Miriam Goldman
240, WEST 73RD STREET CO-OWNER, LLC,        Cedarbaum, U.S.D.J.
AND WOOGO NY, L.P.,                        :

                          Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

SIRS:

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, defendants, AIMCO 240 WEST

73RD STREET, LLC and AIMCO 240 WEST 73RD STREET CO-OWNER, LLC hereby require

plaintiffs to answer fully under oath the following interrogatories and to serve said answers on or before

thirty (30) days from the date of service hereof.

## DEFINITIONS AND INSTRUCTIONS

As used herein, the term:

A.    "Plaintiffs" refers to the plaintiffs named in the captioned section of this action or any

predecessor or successor in interest during any period of time referred to in the Complaint herein and

through the date of answering the interrogatories.

B.    "Document or writing" means any written or graphic matter or other means of preserving

thought or expression, including, but not limited to, correspondence, telegrams, drafts, bills of exchange,

notes, checks, bills, vouchers, invoices, memoranda, orders, ledgers, reports, books, accounts, minutes,

3325883.1

notes, recordings, transcripts, affidavits, whether originals, copies or drafts, however produced or reproduced.

C.    "Conversation" means any oral communication, including but not limited to, telephone calls and conversations in person.

D.    "Identify" means:

1.    When used with reference to a natural person:

      a.    His or her full name;

      b.    Occupation;

      c.    Title, if any;

      d.    General duties;

      e.    Dates of first and last employment in each position (if serving any organization in any capacity whatsoever);

      f.    Business address;

      g.    Last known or present residence address.

2.    When used in reference to any entity other than a natural person (such as a corporation, partnership, limited partnership, association, etc.), state:

      a.    The full name of such entity;

      b.     Any and all other names by which such entity transacts or performs any activity, business, service or function;

      c.     The address of the principal place of business of said entity;

      d.     The address of all other places of business of the entity;

3. When used with reference to a document or writing, set forth the following:

      a.     The nature of the document (e.g. letter, voucher, memoranda, etc.);

      b.     The date of the document;

      c.     Identify the author in accordance with the instruction above regarding identification of persons and state the name and address of any custodian of the document;

      d.     The substance of the document;

      e.     The present location of the document;

      f.     Identify the custodian of the document.

In lieu of furnishing the information required pursuant to (a) through (f) herein, you may annex a copy of the document to your interrogatory answers.

4. When answers refer to a conversation or oral communication, set forth the following:

      a.     The nature of the conversation (e.g., whether a telephone call, interview, conversation in person, etc.);

      b.     The date of the conversation;

  c.  The place of the conversation;

  d.  Identify each person witnessing any part or portion of the conversation;

  e.  Set forth the exact words used by each person participating in the conversation, in sequence;

  f.  If the exact words of a conversation are unavailable, set forth the substance of the conversation, omitting no material statement expressed by any participant thereto;

  g.  "And" or "or" as used herein are both conjunctive and disjunctive.

  E.  In answering each interrogatory, the answer should identify each document or "other source" relied upon which forms the basis for the answer given or in any way corroborates the answer given. In identifying each such document, include the date, author and the name and title of each addressee, including every recipient of copies, the title of the document and a brief description of the nature (e.g., letter, telegram, etc.) and contents of each document. In identifying each "other source" refer to "B."

  F.  Each interrogatory listed herein shall be construed to include any supplemental information or knowledge responsive to these interrogatories which is later generated, obtained or discovered by plaintiff. These interrogatories are considered continuing and ongoing.

  G.  These interrogatories request knowledge and information from each allegedly injured person, or representative and from their attorneys.

  H.  "Alleged occurrence" is that which resulted in the alleged injuries as set forth in The Complaint.

3325883.1

I.      "Injuries" as used herein are those which resulted from the alleged occurrence.

J.      "Incident" as used herein is the incident wherein the plaintiffs were allegedly injured.

K.      The interrogatories are presented in the singular but request answers from all plaintiffs if there are more than one in the action.

## INTERROGATORIES

1.      State the date and time of day of the occurrence.

2.      State plaintiff's full name, age, date and place of birth and social security number.

3.      State the exact location of the occurrence.

4.      If the accident occurred within the premises, identify the room or specific location therein with sufficient particularity to permit Defendants to distinguish it from other rooms on the premises.

5.      If a defective, deficient or unsafe condition is alleged, describe such condition in detail, including the type of material, or other substance allegedly present.

6.      If actual notice of a defective, deficient or unsafe condition is alleged, state:

      (a)      person or persons to whom given;

      (b)      place(s) where given;

      (c)      date(s) when given.

7.      If constructive notice of a defective, deficient or unsafe condition is claimed, state the duration of condition with date of inception and date constructive notice will be claimed to be given to each Defendants.

3325883.1

8.  State how it is claimed the accident occurred.

9.  State all the acts of commission and/or omission constituting the alleged negligence, carelessness and wrongdoing on the part of each Defendants, their agents, servants and/or employees.

10. State any and all laws, rules, regulations and ordinances that are claimed to be either applicable to the occurrence or to have been violated by the Defendants.

11. State nature and extent of all injuries claimed.

12. Specify those claimed to be permanent.

13. Accurately state length of time confined to bed, specifying dates.

14. Accurately state length of time confined to home, specifying dates.

15. State name of each and every hospital, clinic, or institution where any treatment or examination was rendered and length of time, if any, confined there.  If not confined to any hospital, etc., so state.

16. If it is claimed the plaintiff was treated by a physician other than one at the hospital and/or clinic, give the name of said physician and his address.  Accurately state the number of visits it is claimed the plaintiff made to each of the physicians, if any, specified above.

17. Does the plaintiff claim that there were any witnesses to the accident?

18. State nature of employment.

19. State name and address of employer.

20.    State length of time incapacitated from employment.

21.    State the nature and/or type of work customarily performed by the plaintiff.

22.    If self-employed, state nature of self-employment and business address.

23.    State total amount claimed as loss of earnings, including detailed statement as to how such lost earnings were computed.

24.    If the plaintiff was a student, give the name and address of the school attended, at or about the time of the accident, and accurately state the length of time incapacitated from attending said school.

25.    State the total amounts claimed as special damages for:

    (a)    Physicians' expenses;

    (b)    Medical expenses;

    (c)    Nurses' expenses;

    (d)    Hospital expenses;

    (e)    Any other expenses which it is claimed

        resulted from this occurrence.

26.    If loss of service is claimed, set forth the exact nature of the service, stating what was done or not done as a result of the alleged occurrence.

Dated: New York, New York
      August 28, 2008

                Respectfully submitted,

                WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: _____

Erik C. DiMarco (1124 - ED)
Attorneys for Defendants
AIMCO 240 WEST 73RD STREET, LLC,
and AIMCO 240 WEST 73RD STREET
CO-OWNER, LLC
150 East 42nd Street
New York, New York 10017-5639
(212) 490-3000
File No.:  04494.00092

TO:    Robert K. Erlanger (RE 0886)
       ERLANGER LAW FIRM PLLC
       Attorneys for Plaintiffs
       100 Fifth Avenue, 14th Floor
       New York, NY  10011-6903
       (212) 686-8045

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JOZEF DE JONGE AND SONJA DE JONGE,        08 CV 5212

                    Plaintiffs,        **DEMAND FOR
COLLATERAL
SOURCE INFORMATION**

    -against-

AIMCO 240 WEST 73RD STREET, LLC, AIMCO 240,   Hon. Miriam Goldman
WEST 73RD STREET CO-OWNER, LLC, AND WOOGO  Cedarbaum, U.S.D.J.
NY, L.P.,

                  Defendants.
----------------------------------------------------------------X

S I R S:

    **PLEASE TAKE NOTICE**, that demand is hereby made upon the attorneys for the plaintiff that

they serve upon the undersigned a statement as to whether any part of the cost of medical care, custodial

care, rehabilitation services, loss of earnings, or other economic loss sought to be recovered herein was

replaced or indemnified, in whole or in part, from any collateral source such as insurance, social security,

Workmen's Compensation, Medicaid, public assistance or employee benefit programs, and, if so, the full

name and address of each organization, agency or program providing such replacement or indemnification

together with an itemized statement of the amount in which each such claimed item of economic loss was

replaced or indemnified by each such organization or program.

    A demand is additionally made for duly executed and properly addressed original authorizations

permitting the undersigned to inspect and copy any records reflecting any collateral source or payment

identified in response to the foregoing demand.

    **PLEASE TAKE FURTHER NOTICE**, that your failure to comply with the foregoing within

twenty (20) days will serve as the basis of a motion for appropriate relief pursuant to the CPLR.

3325883.1

Dated: New York, New York
      August 28, 2008

                      Respectfully submitted,

              WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

          By:                             
                    Erik C. DiMarco (1124 - ED)
              Attorneys for Defendants
              AIMCO 240 WEST 73RD STREET, LLC,
              and AIMCO 240 WEST 73RD STREET
              CO-OWNER, LLC
              150 East 42nd Street
              New York, New York 10017-5639
              (212) 490-3000
              File No.:  04494.00092

TO:    Robert K. Erlanger (RE 0886)
       ERLANGER LAW FIRM PLLC
       Attorneys for Plaintiffs
       100 Fifth Avenue, 14th Floor
       New York, NY  10011-6903
       (212) 686-8045

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
JOZEF DE JONGE AND SONJA DE JONGE,                    08 CV 5212

                              Plaintiffs,

              -against-                               **NOTICE OF DISCOVERY
                                                     AND INSPECTION FOR
                                                     WITNESS INFORMATION**

AIMCO 240 WEST 73RD STREET, LLC, AIMCO 240,          Hon. Miriam Goldman
WEST 73RD STREET CO-OWNER, LLC, AND WOOGO            Cedarbaum, U.S.D.J.
NY, L.P.,

                              Defendants.
--------------------------------------------------------------------X

S I R S:

    **PLEASE TAKE NOTICE**, pursuant to Rule 34 of the Federal Rules of Civil Procedures, the plaintiffs or plaintiff's attorneys are required to produce for discovery and inspection within thirty (30) days of the receipt of this notice, at the offices of the undersigned, the following:

    1.    True copies of any written reports of the alleged occurrence which have been prepared in the regular course of business, operation or practice of any person, firm, corporation, association, or other public or private entity.

    2.    The names and addresses of all actual witnesses to the events giving rise to this lawsuit, including but not limited to those individuals who witnessed any physical examination, test, consultation or treatment.

    3.    The names and addresses of all persons claimed by the plaintiff to have witnessed the occurrence of, cause of, or inception of the injuries and damages alleged in the Verified Complaint.

    4.    Written statements of this defendant in your possession.

3325883.1

5.    Records, memoranda, notes, tape recordings or other recorded communications of or by this defendant in your possession.

6.    The name and residence of each and every individual who spoke, discussed or otherwise communicated with the answering defendants about the occurrence of the alleged injuries herein, together with the business and residence address of each named individual, any notes or memoranda made by such individuals, or by any one on behalf of plaintiffs or plaintiffs' attorney with respect to each such conversation, discussion or review.

7.    Photographs of the scene of the accident which is the subject of this litigation.

8.    Photographs of the instrumentalities involved in such litigation.

9.    Photographs of the plaintiff which demonstrate the injuries allegedly sustained.

10.    All x-rays, CAT-scans and other diagnostic films in the possession or control of the plaintiffs or plaintiffs' counsel.

11.    Each and every bill, statement of account or itemized charge received by the plaintiff or anyone on their behalf pertaining to the special damages claimed in this lawsuit. This demand shall be deemed to continue during the pendency of this action if any of the above requested information or documents are subsequently obtained.

12.    A copy of any and all movies, videos, etc. of which the plaintiffs plan to introduce at trial.

13.     A statement indicating the name and address of: (a) all persons who may and/or appear in the movie; (b) all persons who edited the movie.

**PLEASE TAKE FURTHER NOTICE**, that upon plaintiffs' failure to produce the aforesaid documents at the time and place required in this Demand and Notice, a motion will be made for appropriate relief to the Court.

Dated: New York, New York
       August 28, 2008

                              Respectfully submitted,

           WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

                By:          
                         Erik C. DiMarco (1124 - ED)
                    Attorneys for Defendants
                    AIMCO 240 WEST 73RD STREET, LLC,
                    and AIMCO 240 WEST 73RD STREET
                    CO-OWNER, LLC
                    150 East 42nd Street
                    New York, New York 10017-5639
                    (212) 490-3000
                    File No.: 04494.00092

TO:    Robert K. Erlanger (RE 0886)
        ERLANGER LAW FIRM PLLC
        Attorneys for Plaintiffs
        100 Fifth Avenue, 14th Floor
        New York, NY 10011-6903
        (212) 686-8045

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

JOZEF DE JONGE AND SONJA DE JONGE,                    08 CV 5212

                   Plaintiff,            **DEMAND FOR EXPERT'S**
                                 **NAME AND SUBSTANCE**
   -against-                       **OF EXPERT'S TESTIMONY**

AIMCO 240 WEST 73RD STREET, LLC, AIMCO 240,          Hon. Miriam Goldman
WEST 73RD STREET CO-OWNER, LLC, AND WOOGO            Cedarbaum, U.S.D.J.
NY, L.P.,

                    Defendants.

-------------------------------------------------------------------X

S I R S :

     **PLEASE TAKE NOTICE**, that pursuant to Rule 26 of the Federal Rules, you are hereby

required to serve upon the undersigned, within twenty (20) days after service of this Demand, the

following:

     1.     The name of each person whom plaintiff expects to call as an expert witness at trial;

     2.     A detailed statement of the subject matters on which each expert witness is expected to

testify;

     3.     The substance of the facts and opinions on which each expert witness is expected to testify;

     4.     The qualifications of each expert witness; and

     5.     A summary of the grounds for each expert's opinion.

Dated: New York, New York
       August 28, 2008

                               Respectfully submitted,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: _____

Erik C. DiMarco (1124 - ED)
Attorneys for Defendants
AIMCO 240 WEST 73RD STREET, LLC,
and AIMCO 240 WEST 73RD STREET
CO-OWNER, LLC
150 East 42nd Street
New York, New York 10017-5639
(212) 490-3000
File No.:  04494.00092

TO:    Robert K. Erlanger (RE 0886)
       ERLANGER LAW FIRM PLLC
       Attorneys for Plaintiffs
       100 Fifth Avenue, 14th Floor
       New York, NY  10011-6903
       (212) 686-8045

3325883.1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JOZEF DE JONGE AND SONJA DE JONGE,

                Plaintiff,

       -against-

AIMCO 240 WEST 73RD STREET, LLC, AIMCO 240,
WEST 73RD STREET CO-OWNER, LLC, AND WOOGO
NY, L.P.,

             Defendants.

-----------------------------------------------------------------X

08 CV 5212

**DEMAND FOR MEDICAL
REPORTS & HOSPITAL
RECORDS AUTHORIZATIONS
WORKER'S COMPENSATION
AND/OR NO-FAULT
AUTHORIZATIONS AND
<u>EMPLOYMENT RECORDS</u>**

Hon. Miriam Goldman
Cedarbaum, U.S.D.J.

S I R S:

    **PLEASE TAKE NOTICE,** that demand is hereby made upon the plaintiffs or their attorneys pursuant to Rule 34 of the Federal Rules to:

    1.    Serve upon and deliver to the attorneys for the defendant copies of the medical reports and bills of those physicians who have previously treated or examined the plaintiff. These shall include a detailed recital of the injuries and conditions as to which testimony will be offered at the trial, referring to and identifying those x-rays and technician's reports which will be offered at the trial.

    2.    Serve upon and deliver to the attorneys for the defendant duly executed and acknowledged written authorizations permitting all parties to obtain and make copies of all hospital records, and such other records including x-rays and technician's reports as referred to and identified in the statement of plaintiffs' physicians.

    3.    Serve upon and deliver to the attorneys for the defendant duly executed and acknowledged written authorizations permitting all parties to obtain and make copies of any and all workman's compensation and no-fault benefit records, reports or files relative to this incident.

3325883.1

4.     Serve upon and deliver to the attorneys for the defendant duly executed and acknowledged written authorizations permitting all parties to obtain and make copies of any and all records of plaintiff's present employer and employer at the time of the incident relative to his employment period and salary.

5.     Serve upon and deliver to the attorneys for the defendant duly executed and acknowledged written authorizations permitting all parties to obtain and make copies of any and all records of plaintiff's W-2 forms and complete tax returns for the two-year period prior to the accident up until the present calendar year.

**PLEASE TAKE FURTHER NOTICE**, that the foregoing is to be considered a continuing demand.

**PLEASE TAKE FURTHER NOTICE**, that upon your failure to comply with this demand, the plaintiff will be precluded upon the trial of the within action from offering the evidence or testifying as to any of the reports, records, x-rays or examinations demanded herein.

Dated: New York, New York
       August 28, 2008

                        Respectfully submitted,

                        WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

            By:    _____
                        Erik C. DiMarco (1124 - ED)
                        Attorneys for Defendants
                        AIMCO 240 WEST 73RD STREET, LLC,
                        and AIMCO 240 WEST 73RD STREET
                        CO-OWNER, LLC
                        150 East 42nd Street
                        New York, New York 10017-5639
                        (212) 490-3000
                        File No.: 04494.00092

TO:    Robert K. Erlanger (RE 0886)
       ERLANGER LAW FIRM PLLC

3325883.1

Attorneys for Plaintiffs
100 Fifth Avenue, 14th Floor
New York, NY 10011-6903
(212) 686-8045

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF NEW YORK  )

BONNIE ELBEDAWY, being sworn, says: I am not a party to the action, am over 18 years of age and reside at Suffolk, New York.

That on the 28th day of August, 2008, I served the within ANSWER AND JURY DEMAND WITH CROSS-CLAIM, STATEMENT RULE 7.1, FIRST SET OF INTERROGATORIES TO PLAINTIFF, NOTICE TO TAKE DEPOSITION, WAIVER OF SERVICE OF SUMMONS, DEMAND COLLATERAL SOURCE INFORMATION, NOTICE TO DISCOVERY AND INSPECTION FOR WITNESS INFORMATION, DEMAND FOR EXPERT'S NAME AND SUBSTANCE OF EXPERT'S TESTIMONY and DEMAND FOR MEDICAL REPORTS & HOSPITAL RECORDS AUTHORIZATIONS, WORKERS COMPENSATION AND/OR NO-FAULT AUTHORIZATIONS AND EMPLOYMENT RECORDS upon:

> Robert K. Erlanger (RE 0886)
> ERLANGER LAW FIRM PLLC
> Attorneys for Plaintiffs
> 100 Fifth Avenue, 14th Floor
> New York, NY 10011-6903
> (212) 686-8045

in this action, at the address(s) designated by said attorney(s) for that purpose by depositing same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office within the State of New York.

_____
BONNIE ELBEDAWY

Sworn to before me this
29th day of August, 2008

_____
Notary Public

ARLENE FRIED
NOTARY PUBLIC, State of New York
No. 01FR5081251
Qualified in Richmond County
Commission Expires June 30, 20____

3325883.1